## SUPREME COURT.

MATTHEW Y. CHESEBRO agt. JOHN J. HICKS, as administrator of the goods, &c., of MARY E. HICKS.

*Executor — In action against, when and how costs to be awarded — When the refusal of an executor to pay a claim is not unreasonable — Code of Civil Procedure, section* 1836.

In an action brought and a recovery had against an executor to justify the imposition of costs against such executor it must appear that the claim was presented to the executor after he had qualified and entered upon the discharge of his duties, and that after such presentation and before suit he refused to refer it as prescribed by law, or that he unreasonably resisted or neglected its payment.

A motion for costs will be denied where there is no legal proof of the presentation of the claim sued on, after the granting of letters of administration to the executor, and of its rejection by him.

It is not an "unreasonable resistance of a claim" which was barred by the statute of limitations, unless there had been a payment thereon by the deceased, whose estate the executor represented and of which he had no personal knowledge, to require the proof thereof to be submitted to a court in an action in which he voluntarily appeared in order that no charge of want of fidelity to the estate could be made.

*Ulster Special Term, October,* 1883.

MOTION on behalf of plaintiff for costs after recovery against the defendant.

*James Lansing,* for plaintiff and motion.

*Louis K. Church,* for defendant, opposed.

WESTBROOK, *J.* — At the Albany circuit, on June 29, 1883, the plaintiff by direction of the court had a verdict in the above entitled action for $3,302.60. The suit was brought upon a promissory note made by Mary E. Hicks, deceased, on the 1st day of May, 1866, at Brooklyn, New York, and dated at that place and on that day, whereby she promised to pay Margaret Chesebro, or to her order, $1,600 in one year from the date thereof with interest. On the 1st day of April, 1867, one year's interest and fifty dollars of the principal was paid upon the note, and on February 24, 1877, ten dollars as interest was also paid thereon by Mary E. Hicks, who was then living.

The last payment (that of February 24, 1877), was made by the deceased in the presence of a sister, who proved the same upon the trial. The deceased and the sister, who was the witness, were both daughters of the plaintiff. The defendant, who was the husband of the deceased, and is her administrator, testified that he was entirely ignorant of the last payment, and no proof was given upon the trial tending to show that he had knowledge thereof.

The defense to the note was the statute of limitations, and that the money for which the note purported to be given, was an advancement by the plaintiff to the deceased, as his daughter, and its repayment was not to be demanded. Upon the facts proved, the court ordered a verdict for the plaintiff, who now moves for costs upon the ground that the claim was unreasonably resisted.

The deceased, Mary E. Hicks, died in December, 1877. The defendant was appointed administrator of her estate April 1, 1882. The summons in the action is dated May 27, 1882, and the defendant appeared in the action by Mr. Louis K. Church, as his attorney, voluntarily, without the service of such summons upon him.

The Code of Civil Procedure (*sec.* 1836) provides: "When

it appears  *  *  *  that the plaintiff's demand was presented within the time limited, by a notice published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted or neglected, or that the defendant refused to refer the claim, as prescribed by law; the court may award costs against the executor or administrator, to be collected either out of his individual property, or out of the property of the decedent, as the court directs, having reference to the facts which appeared upon the trial. Where the action is brought in the supreme court, or in a superior city court, the facts must be certified by the judge or referee before whom the trial took place."

In *Field* agt. *Field* (77 *N. Y.*, 294), the court of appeals (*see page* 296) held, "claims may be presented at any time after the executors qualify and enter upon the discharge of their duties, and while they are entitled to a reasonable time to examine and decide upon the justice of claims presented, when they do decide, even though no notice has been published, the effect of their decision is the same as though the claim was presented after publication."

According to the Code, and decision referred to, to justify the imposition of costs upon the defendant, it must appear that the claim was presented to the defendant after he had qualified and entered upon the discharge of his duties, and that after such presentation and before suit he refused to refer it, as prescribed by law, or that he unreasonably resisted or neglected its payment.

It is not urged in behalf of the plaintiff that the defendant refused to refer the claim, but it is insisted that he " unreasonably resisted or neglected its payment." Do the affidavits now presented, or the facts which appeared on the trial, show that there has been such unreasonable resistance or neglect of payment?

The affidavits presented on the part of the plaintiff are exceedingly general in their statements, and instead of detail-

ing specific interviews with the defendant, giving their dates, or where correspondence has been had giving such correspondence, the general results of such interviews or of the correspondence are stated. The plaintiff, for example, alleges that he visited the defendant at New York "prior to the commencement of the action" (whether before or after the appointment of the defendant as the administrator of his wife is not stated), and that the defendant, though familiar with the facts of the case, "both from his own knowledge and from deponent's statements," and though "the defendant did not dispute or question the fact of" the renewal of the note by payment, "or deny his knowledge thereof," yet he refused "to allow it as a claim against the estate, but compelled deponent to resort to the courts for the recovery thereof." So, too, the daughter of the plaintiff speaks of negotiations with the defendant by correspondence "both after and before letters of administration," and that subsequent to such letters of administration demand was made for the payment or allowance of said claim upon several occasions by letter, and once personally, all of which were refused by the defendant." Unfortunately, neither the letters nor their contents are given or stated, nor who it was that made the personal demand of payment, and what was then said. Mr. Lansing likewise has failed to submit the correspondence with Mr. Church, the attorney for the defendant, or to state when or how the refusal of payment was made.

The defendant, on the other hand, swears flatly "that no claim or bill has at any time ever been presented to this deponent, although deponent admits by letter plaintiff requested his claim paid, which letter was dated April 8, 1882. That deponent never personally, or directly, refused to pay or allow said claim. * * That deponent defended the case in good faith, and for the interest of the estate as he believed."

Mr. Church, the attorney of the defendant, also deposes, that the "claim was never personally presented" to him,

and that he appeared in the case at the request of the plaintiff's attorney, and that the case was defended "in good faith" and on his "advice," and he was "unaware of interest having been paid on the note."

It is impossible upon these facts to find that the payment of the note "was unreasonably resisted or neglected." Very clearly, if the testimony of the plaintiff, his daughter and counsel, had been given in open court, their general statements as to the result of interviews and correspondence would not have been received as evidence, and the embodiment of their inferences from interviews and letters in the form of affidavits does not make such inferences evidence, any more than if given in open court. The motion for costs then is denied, because there is no legal proof of the presentation of the claim of the plaintiff, after the granting of letters of administration to the defendant, and of its rejection by the defendant.

Assuming, however, that the defendant did decline to pay it, was it an unreasonable resistance of a claim, which was barred by the statute of limitations, unless there had been a payment thereon by the deceased whose estate the defendant represented, and of which he had no personal knowledge, to require the proof thereof to be submitted to a court in an action in which he voluntarily appeared, in order that no charge of want of fidelity to the estate could be made? If the defendant, while declining to admit the claim as valid, because he had no personal knowledge of the payments claimed by the plaintiff, had offered at once to refer the claim, which had been accepted, and the result had been a recovery by the plaintiff, it would not be urged that there had been an unreasonable resistance of payment. The case presented is not essentially different. The defendant, as he expressly testified upon the trial, was ignorant of the payments upon the note. If he admitted their existence without proof, he was in peril. Under such circumstances, while unwilling to admit the validity of a claim *prima facie*

barred, he facilitates a suit, by voluntary appearance, brought to establish the demand. This was neither unreasonable nor improper, and the act should not subject either the defendant or the estate of the deceased to costs, the right to impose which only exists when the court can judicially see that the claim for which the action was brought "was unreasonably resisted or neglected."

This motion for costs and an extra allowance is denied, without costs. The plaintiff's attorney and counsel has earned all that our statute allows, but the payment thereof must be made by the plaintiff, and not by the defendant, nor the estate which he represents.